UNITED STATES of America

v.

Jackie Benny BOYKIN a/k/a Benny Jackie Boykin, Appellant.

No. 17102.

United States Court of Appeals Third Circuit.

Argued June 4, 1968.

Decided July 15, 1968.

---

**484**

Richard C. Brittain, Danville, Pa., for appellant.

Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa. (Bernard J. Brown, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, STALEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The defendant was convicted by a jury on February 1, 1967, of an assault upon a fellow prisoner in violation of 18 U.S.C.A. § 113(c). The only issue raised on appeal is that a pre-trial statement made by the defendant to FBI agents was involuntarily given and was therefore admitted into evidence in violation of his constitutional rights. The district court held a full evidentiary hearing out of the jury's presence on the issue here raised. The court concluded that the defendant's statement was voluntarily made. However, it very properly did not advise the jury of its determination. Rather, it permitted the statement to go into evidence and instructed the jury, inter alia, to consider all the surrounding circumstances in aid of determining voluntariness.

The defendant's first contention is that, judged by the standards set forth in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), there was neither a waiver of his privilege against self-incrimination nor of his right to have counsel when the statement was given. The Government recognizes that the appellant was in custody and without counsel and that it therefore had a heavy burden to demonstrate the requisite waivers. The record shows that the district court was fully cognizant of the governing constitutional principles when it decided that the statement was admissible. The Government's evidence fully warranted a finding of explicit compliance with the "advice" requirements of *Miranda*. The testimony also justified the conclusion that the defendant knowingly and intelligently waived his rights after having been advised thereof. For example, the agents testified that in spite of the warnings and advice given him, the defendant said, I "might as well tell you about it." We are satisfied from our own examination of the record that the district court correctly decided that the Government had carried its heavy burden of showing that the defendant waived his privilege against self-incrimination and his right to counsel before giving his statement. The district court then very properly caused the evidence on this issue to be considered by the jury.

Defendant makes the related argument that because he was in custody when his statement was taken the setting was inherently coercive. But we do not see how this fact alone is sufficient to prevent proof of an effective waiver of rights which we have found took place.

Defendant's argument would prevent any recognition of the doctrine of waiver in these circumstances. We do not understand this to be the present state of the law.

 Finally, defendant contends that he was the victim of threats and other coercive action before he gave his statement. Under the evidence the district court and the jury were fully justified in concluding that defendant's testimony did not reflect the true facts. We note that the statement was given only a few hours after the attack which was witnessed by many persons. This case is on its facts totally unlike Brooks v. Florida, 389 U.S. 413, 88 S.Ct. 541, 19 L.Ed.2d 643 (1967) and Greenwald v. Wisconsin, 390 U.S. 519, 88 S.Ct. 1152, 20 L.Ed.2d 77 (1968). (1968).

The judgment of the district court will be affirmed.