**Richard J. MAYBERRY, Plaintiff,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Doerr Street and the Ohio River, Pittsburgh, Pennsylvania, Defendant.**

**Civ. A. No. 68–959.**

United States District Court,
W. D. Pennsylvania.

Dec. 6, 1971.

Michael Louik, Pittsburgh, Pa., for plaintiff.

Frederick N. Frank, Asst. Atty. Gen., J. Shane Creamer, Atty. Gen., Commonwealth of Pennsylvania, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

This is an action for damages under 42 U.S.C. §§ 1983 and 1985. At the time of the events complained of, the plaintiff was incarcerated in the State Correctional Institution, Pittsburgh, Pennsylvania, and the defendant was the Superintendent of the Institution. The constitutional rights of which the plaintiff asserts a deprivation are (1) that to be protected from cruel and unusual punishment and (2) that to be afforded due process and equal protection of the law. The factual allegations offered to support those assertions have to do principally with certain physical abuses of the plaintiff at the hands of the defendant and certain statements uttered to the press by the defendant.

The defendant has filed a Motion For Summary Judgment under F.R.Civ.P. 56. The motion rests essentially on two grounds: (1) that the plaintiff has failed to state a cause of action and (2) that no genuine issue of material facts exists. Treating the former ground as, more properly, a Motion to Dismiss,[1] I think that while the assertion founded on the physical abuses of the plaintiff states a cause of action, that founded on the statements of the Superintendent to the press does not.

The elements necessary to state a cause of action under § 1983 were recently announced by the Supreme Court in Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

> "First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory'."

There is no question but that with respect to both causes of action the defendant acted under color of state authority in his official capacity as the Superintendent of the State Correctional Institution. With respect to the requirement that the plaintiff be deprived of a right secured by the Constitution and laws of the United States, the causes of action will be separately considered.

 That relating to the physical abuses of the plaintiff by the defendant asserts a deprivation of the plaintiff's Eighth and Fourteenth Amendment

1. See Local 4076, United Steelworkers of America v. United Steelworkers of America, AFL–CIO, 327 F.Supp. 1400 (D.C. W.D.Pa., 1971).

right to be free from cruel and unusual punishment. If factually the Superintendent directed the barbarous physical abuses, including those imposed by the cell to which he was solitarily confined, alleged by the plaintiff,[2] he was acting clearly without the legitimacy of his office in maintaining internal discipline and security, his actions effected "punishment of such base, inhumane, and barbaric proportions so as to shock and offend a court's sensibilities",[3] and he may be held to respond to the plaintiff in damages. See Trop v. Dulles, 356 U. S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958); Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971); Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968); Wright v. Mc-Mann, 387 F.2d 519 (2d Cir. 1967); Jordan v. Fitzharris, 257 F.Supp. 674 (D.C.N.D.Calif.1966). Cf. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

■ On the other hand that relating to the asserted claim based on the statements to the press does not state a civilly remediable cause of action. The statements made to the press by the defendant related to an alleged attempted escape by the plaintiff from the penal institution of which the defendant was the Superintendent. Although the plaintiff labels the statements uttered by the defendant as libelous and slanderous, his cause of action is not in tort for defamation. Such a cause of action is clearly not cognizable under § 1983. His cause of action is, rather, for the deprivation, deriving from the defendant's statements, of his Fourteenth Amendment right to a fair trial by an impartial jury. Theoretically, if the defendant's statements in fact deprived the plaintiff of his constitutionally secured right to a fair trial, he has stated a

cause of action for which relief may be granted in terms of money damages. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, *supra*, in which it was held that an action for money damages is maintainable against a federal agent acting under color of federal authority for searches and seizures which are unconstitutional, the Supreme Court, citing Bell v. Hood, 327 U. S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), stated that,

"... it is well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done".

The difficulty with applying that principle to the cause of action relating to the Superintendent's statements is that the legal right involved, to a fair trial, is not invaded at the time of the statements but only at the time of the trial on the criminal activities to which the statements are apposite. There is no independent invasion as in the case of an unreasonable search and seizure, or an unwarranted arrest, or unconstitutional punishment. Moreover, the issue of whether or not there is an invasion of the right to a fair trial is one to be determined during the course of the trial. It is a determination which is a matter of law. And if, as a matter of law, it is determined that the statements of the Superintendent prejudiced the plaintiff's right, no trial will be sanctioned. If, on the other hand, it is determined that a fair trial by an impartial jury may be had by the plaintiff notwithstanding the defendant's utterances then his right to a fair trial will not have been invaded. Consequently, I think the absence of an invasion of a constitutionally secured right independent of the determination of whether or not the plaintiff has had a

---

2. The instant allegations put this action beyond the reach of the principle of judicial restraint which was announced in Gurczynski v. Yeager, 339 F.2d 884 (3d Cir. 1964).

3. Burns v. Swenson, 430 F.2d 771 (8th Cir. 1970). See Hanvey v. Pinto, 441 F.2d 1154 (3d Cir. 1971).

fair trial leads to the conclusion that his remedy is not detachable from the trial and assertible as a civil cause of action seeking money damages. Indeed it would be intolerably anomalous if an accused who was convicted of a crime could have the matter of the fairness of his trial reconsidered in a separate civil action for damages. His remedy most certainly is not monetary compensation but personal freedom from unlawful incarceration, which remedy is only available incident to the criminal trial. Therefore, the plaintiff's cause of action relating to the Superintendent's statements will be dismissed.

Turning to the latter ground of the defendant's Motion For Summary Judgment. I find that genuine issues of material facts exist. The competing and contradictory affidavits which the parties have filed demonstrate the variance with which the defendant's treatment of the plaintiff is recollected by the parties. The facts, therefore, will have to be found by the jury which the plaintiff has demanded. The defendant's motion, to that extent, will be denied.