362 F.Supp. 353 (1973)
Elton B. RODGERS, Plaintiff,
v.
Buford WESTBROOK, Sheriff, Carter County, Missouri, Defendant.
No. S73 C 19.
United States District Court, E. D. Missouri, Southeastern Division.
August 28, 1973.
*354 Elton B. Rodgers, pro se.
L. Joe Scott, Poplar Bluff, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is pending on motion of the defendant for summary judgment and upon petition for a writ of habeas corpus ad testificandum by the plaintiff. The motion for summary judgment will be granted and the complaint dismissed for failure to state a claim, and the writ will be denied as moot.
In determining the sufficiency of the instant pro se complaint, the well pleaded facts and allegations set forth in the plaintiff's complaint are accepted as true, Campbell v. Beto, 460 F.2d 765 (5th Cir. 1972). Petitioner was incarcerated in the Carter County Jail on March 16, 1972, for his fourth offense of driving while intoxicated. Conditions at the jail were as follows: no attendant on duty at any time; confinement in an open bullpen; no medical care present; jail dirty and filthy with rats and cockroaches; two meals a day; two steel cots, four mattresses and four blankets that were dirty and filthy; toilet that does not flush completely and washbasin (also to drink from) that does not drain properly; broken windows and glass all over jail; no visiting hours; butane gas heater with pilot light that goes out and leaks fumes all over jail; mail censored; inadequate lighting; homicidal maniac incarcerated with plaintiff in jail one night; and verbal abuse by the sheriff. Plaintiff contends that these conditions at Carter County Jail were such as to amount to cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. As a consequence of these conditions he pleaded guilty in Shannon County Circuit Court, receiving a sentence of probation for two years that he subsequently violated, resulting in a five-year sentence to the Missouri Department of Corrections. Plaintiff prays for substantial monetary relief against the defendant sheriff for these alleged violations.
The plaintiff filed his complaint without the benefit of counsel, and, therefore, the complaint must be given a broad interpretation and not be dismissed "unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim." Campbell v. Beto, 460 F. 2d 765 (5th Cir. 1972). Prisoners are not to be disadvantaged or advantaged under F.R.Civ.P. 12(b)(6); Campbell v. Beto, supra. Therefore, the Court approaches this action as having been properly brought under 42 U.S.C.A. § 1983, allowing a civil action for deprivation of any rights, privileges, or immunities under the United States Constitution, *355 United States ex rel. Hancock v. Pate, 223 F.Supp. 202 (N.D.Ill.1963).
The instances related by the plaintiff do not constitute cruel and unusual punishment by the defendant. Examples of cases supporting this position on claims similar to some of those advanced are: Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969), (inadequate medical care); Argentine v. McGinnis, 311 F.Supp. 134 (S.D.N.Y.1969), (censoring of mail, inadequate medical care); Ford v. Board of Managers of New Jersey State Prison, 407 F.2d 937 (3rd Cir. 1969), (unclean jail and poor hygenic conditions); Novak v. Beto, 453 F.2d 661 (5th Cir. 1971), (poor meals and inadequate lighting); Adams v. Pate, 445 F.2d 105 (7th Cir. 1971), (poor conditions surrounding toilet and wash basin drinking facility); Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972); and Parker v. McKeithen, 330 F.Supp. 435 (E.D.La.1971), (incarceration with the violently insane).
Collectively, the conditions set forth in the complaint, while unpleasant, do not rise to such a level as to "shock the general conscience or to be intolerable in fundamental fairness", Carey v. Settle, 351 F.2d 483, 485 (8th Cir. 1965). The plaintiff was not subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments by his incarceration in the Carter County Jail.
Plaintiff further contends that he confessed guilt to the crime of driving while intoxicated, fourth offense, on the suggestion of the defendant that doing so was the way to escape the conditions prevailing at the Carter County Jail. A confession may be coerced by the conditions of incarceration, and the use of one so obtained would necessitate the reversal of a conviction, Brooks v. Florida, 389 U.S. 413, 88 S.Ct. 541, 19 L.Ed.2d 643 (1967). The rights invaded by the coerced confession would be the right to a fair trial,
". . . the absence of an invasion of a constitutionally secured right independent of the determination of whether or not the plaintiff has had a fair trial leads to the conclusion that his remedy is not detachable from the trial and assertible as a civil cause of action seeking money damages." Mayberry v. Maroney, 337 F.Supp. 601, 603-604 (W.D.Pa.1971) (vacated on other grounds).
The allowance of damages in this instance under 42 U.S.C.A. § 1983 would be attacking a presumptively invalid state conviction, and, in effect, circumvent the recognized doctrine of comity which allows the state courts to test the validity of a conviction before the federal courts. Moore v. Frazier, 316 F. Supp. 318 (D.Neb.1970). As a result, an application for relief "for alleged civil rights violations incurred in state criminal proceedings, thereby skirting the requirements of the federal habeas corpus statutes, is improper." Martin v. Roach, 280 F.Supp. 480 (S.D.N.Y.1968).