SCHEB, Judge.
The question for resolve on this appeal is whether the trial court erred in suppressing all of the defendant/appellee’s admissions where some were made before and some after law enforcement authorities held out certain inducements to the defendant. We hold the court erred in suppressing all of the defendant’s admissions since some were made prior to any inducements and were thereby severable. We reverse.
The relevant facts are these:
On October 31, 1974, the defendant was taken into custody by Detective Grimes of the Pasco County Sheriff’s Office regarding suspected larceny of a tractor tire. While in custody and after being advised of his “Miranda” rights, the defendant was questioned by the detective. The defendant acknowledges the interrogation was conducted in two separate interviews. During the first of these the defendant admitted purchasing and selling the tire in question. Some two hours after this admission, he agreed to act as a narcotics purchaser for the Sheriff’s Department. The defendant did so act and claims to have understood that by lending such assistance to the law enforcement authorities there would be no further problem relative to his suspected involvement with the stolen tire. Thereafter, the defendant made further incriminating statements in which he admitted that at the time he received the tractor tire he had knowledge that a friend of his had stolen it.
Subsequently, the defendant was charged with receiving and concealing stolen property in violation of Fla.Stat. § 811.16. The trial court granted the defendant’s amended motion to suppress all statements, admissions and confessions made by him. The state appeals.
There is competent substantial evidence that some of the defendant’s statements were made after certain inducements to the defendant by the authorities. To this extent, the trial judge was correct in suppressing these statements as being involuntary since he found they were made after inducements to the effect that charges against the defendant would be dropped. See State v. Chorpenning, Fla.App.2d 1974, 294 So.2d 54. However, the defendant testified to a substantial interval of time occurring between his admission of having received and sold the tire and the later conversation wherein he made statements concerning his knowledge that the tire was stolen. The conduct which the trial judge determined to have rendered the defendant’s statements involuntary did not taint the original admission which could and should have been severed. And, since our review of the record reveals the defendant’s statement that he received and sold the tractor tire was voluntarily given, such should not have been suppressed.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
McNULTY, C. J., and HOBSON, J., concur.