348 So.2d 1170 (1977)
Gary Thomas WHITE, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1336.
District Court of Appeal of Florida, Third District.
July 6, 1977.
Rehearing Denied September 8, 1977.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda Collins Hertz, Asst. Atty. Gen., for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant, Gary White, seeks reversal of his conviction for burglary and attempted grand larceny on the ground he is entitled to a new trial because the prosecutor elicited testimony concerning collateral crimes committed by him which were not relevant to the charges on which he was being tried.
*1171 This alleged error arises out of the following colloquy during redirect examination by the prosecutor of one of the police officers:
* * * * * *
"Q Sir, what defense counsel refers to as a little ride, which you referred to as location, would you explain to the jury what that means, to take a man on location?
"MR. WOOD: I would object to that as being prejudicial.
"MR. MONROE: I would point out that he was the one that brought it out in a sinister tone  Oh, you took him for a ride.
"MR. WOOD: Your Honor, I am going to object to that characterization 
"THE COURT: Sustained.
"MR. WOOD:  and I would ask for a mistrial.
"THE COURT: Denied. The objection is sustained, but the motion for mistrial is denied.
"MR. WOOD: I would ask the jury to be instructed to disregard counsel's remark.
"THE COURT: Disregard the last statement of the prosecutor, members of the jury.
"The previous objection to the question is overruled. Let's have the question read back so the jury knows what the question is that is being asked.
"(The pending question was read by the Reporter as above recorded.)
"THE WITNESS: Individuals are taken on location to point out 
"THE COURT: You better confine it to this case, before we get into some problem.
"Q (By Mr. Monroe) Sir, is location a proper police procedure?
"A Yes, sir, it is.
"Q And when you take a man out on location, what do you mean when you take him out on location?
"A It is always requested by the individual who is under arrest, if they wish to go on location and point out 
"Q Point out what?
"A Crimes they committed.
"MR. WOOD: I am going to object to this, your Honor.
"THE COURT: Sustained."
* * * * * *
This line of questioning pursued by the prosecutor was a direct result of defense counsel bringing out the fact that the police took defendant for a ride thereby insinuating to the jury that defendant was pressured into confessing to the charges. It is well established that a defendant may not take advantage of an error which he himself induced. See Gagnon v. State, 212 So.2d 337 (Fla. 3d DCA 1968); Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974). In the case at bar, if error was committed then such error was stimulated and suggested by defense counsel who now cannot be heard to complain on appeal.
We also note that although defense counsel objected to the complained of remarks, he failed to move for a curative instruction which is proper procedure. See Sullivan v. State, 303 So.2d 632 (Fla. 1974); Mabery v. State, 303 So.2d 369 (Fla. 3d DCA 1974). We find no abuse of discretion on the part of the trial judge in not declaring a mistrial.
Affirmed.