■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULYSSES S. WHITE, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered February 24, 1977, upon a verdict convicting defendant of two counts of the crime of robbery in the first degree. On August 6, 1976 at 1:30 A.M., just before closing time, an Albany bar named Garrett's Place was robbed by two armed Black males. On September 2, 1976, upon his arrest for parole violation defendant, after waiving his *Miranda* rights, confessed to the robbery and implicated a codefendant. The codefendant, one Melvin Everett, confessed to the robbery in substantially the same terms upon his subsequent arrest. After motions to suppress their confessions and to sever had been denied, the defendant and Everett were jointly tried. The defendant appeals from his conviction on two counts of robbery in the first degree. Defendant raises a multitude of issues on this appeal only some of which merit our comment. Defendant contends that his written confession was involuntary and should have been suppressed (CPL 60.45). Defendant does not dispute the fact that he was fully advised of his Miranda rights both at

the time of his arrest for parole violation and again, some hour and one-half later, prior to any questioning. He attaches great significance, however, to his initial wariness and reluctance to talk for some 10 to 15 minutes after he waived his *Miranda* rights. The fact that a suspect is initially unwilling to talk, however, does not automatically render later statements to be inadmissible *(People v Pellicano,* 40 AD2d 169). There is no demonstration that the police engaged in intensive or suggestive interrogation to secure this confession, given shortly after defendant was advised of and waived his *Miranda* rights (cf. *People v Leonard,* 59 AD2d 1). Defendant also attacks his confession on the ground that it was induced by promises made during the course of his interrogation. The promises referred to are Investigator Guiry's assurance that defendant would be provided medical attention if he became ill in his presence and Guiry's further statement that he would inform the District Attorney if defendant co-operated. The statement with regard to medical care cannot be regarded as coercive because it was totally independent and unrelated to defendant's conduct during the questioning. The promise to talk to the District Attorney was not misleading and, in any event, the District Attorney's office was not in any way involved in any arrangement or promise *(People v Rittenhouse,* 37 AD2d 866). Defendant's further contention that his testimony was involuntary because induced by the onset of drug withdrawal symptoms is not supported by the record. Under the totality of the circumstances presented herein, we conclude that the defendant's confession was voluntary *(People v Washington,* 52 AD2d 984). Defendant's other argument warranting our comment is his claim that the trial court erred in denying his motion to sever his trial from that of his said codefendant, Melvin Everett. He argues, among other things, that the joint trial resulted in the use of Everett's confession to corroborate his own confession. While such use of a codefendant's confession ordinarily requires separate trials in order to preserve the right of confrontation *(Bruton v United States,* 391 US 123; *People v Safian,* 59 AD2d 20), the right of confrontation does not mandate a severance where, as in the instant case, the codefendants have made confessions which are substantially similar *(People v McNeil,* 24 NY2d 550, cert den *sub nom. Spain v New York,* 396 US 937). Nor, aside from the requirements of the right to confrontation, do we find in this record a need for severance in order to insure minimum fair trial standards (cf. *People v Payne,* 35 NY2d 22). The codefendants did not raise antagonistic defenses (cf. *People v La Belle,* 18 NY2d 405), and there is no claim that defendant needed the testimony of codefendant Everett (cf. *People v Owens,* 22 NY2d 93). We have examined defendant's claim that reversible evidentiary errors were committed, that the District Attorney's summation exceeded the limits of fair comment and that the sentence was unduly harsh and excessive. These arguments are without merit. Judgment affirmed. Mahoney, P. J., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.