359 So.2d 551 (1978)
Bernardo DeCASTRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-2205.
District Court of Appeal of Florida, Third District.
June 6, 1978.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before PEARSON, NATHAN and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, appeals a judgment of conviction entered pursuant to a jury verdict on two counts of robbery and two counts of possession of a firearm during the commission of a felony. Appellant was sentenced to 15 years of imprisonment on each of the robbery convictions, to be served consecutively; sentence was suspended on the remaining two counts. We affirm.
Appellant filed a pre-trial motion to suppress certain confessions, admissions, and statements on the grounds, among others, that the statements were obtained in violation of the dictates of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) [hereinafter cited as Miranda], and that the statements were given involuntarily. The motion was heard prior to the start of the trial on October 26, 1976. Following the hearing, the motion was denied as to the statement relevant to this case.
Appellant contends that the trial court erred in denying his motion because the statement obtained from him was inadmissible on two grounds: (1) the statement was involuntary; and (2) the waiver of his Miranda rights was involuntary. Appellant argues that he was illegally induced to *552 make the statement, thereby making it involuntary, because the interrogating officer promised to make every effort to see that other charges pending against appellant would not be prosecuted if he would make a statement. Appellant also argues that the interrogating officer promised to obtain methadone treatment for him, if he would make a statement.
It is undisputed by appellant and appellee that an involuntary confession or statement is barred from prosecutorial use by the Fourteenth Amendment to the Constitution of the United States. To be admissible, a statement must be voluntary; it cannot be the product of threats, violence, or improper influence. See, e.g., Brooks v. Florida, 389 U.S. 413, 88 S.Ct. 541, 19 L.Ed.2d 643 (1967); and Lynumn v. Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963).
In the light of appellant's contentions and arguments, we have scrutinized the record and have determined that, appellant was not promised anything in return for his statement in this case and that the promise of methadone treatment was not used as an inducement for him to confess. We note that appellant did not testify at the hearing on his motion to suppress, which he could have done without waiving his privilege against self-incrimination at trial. Simmons v. State, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); and Dempsey v. State, 238 So.2d 446 (Fla. 3d DCA 1970).
Further, based on our scrutinization of the record, we find appellant's contention that he involuntarily waived his Miranda rights to be without merit.
In a motion to suppress evidence the trial judge is the trier of both fact and law. His conclusions come to the appellate court clothed with a presumption of correctness, and in testing the accuracy of his conclusions, the court should interpret the evidence and all reasonable inferences capable of being drawn therefrom in the light most favorable to sustain them. Wigfall v. State, 323 So.2d 587 (Fla. 3d DCA 1975); and Rodriguez v. State, 189 So.2d 656 (Fla. 3d DCA 1966).
Based upon the reasons set forth above and the applicable law, we are of the opinion that the trial court correctly denied appellant's motion to suppress. Accordingly, the judgment of conviction and sentence appealed should be affirmed.
Affirmed.