401 So.2d 866 (1981)
Joseph Alphonso LA ROCCA, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-608.
District Court of Appeal of Florida, Third District.
July 14, 1981.
*867 Bennett H. Brummer, Public Defender and John H. Lipinski, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before BASKIN and FERGUSON, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
FERGUSON, Judge.
In his appeal from a jury conviction of first degree murder, Joseph La Rocca raises several issues on appeal, two of which merit discussion.
First, La Rocca claims that his confession should have been suppressed because under the circumstances of the case, the "minimization process" used by the polygraph examiner was a deceptive practice which amounted to psychological coercion. La Rocca and a co-defendant Dorothy Wright were charged with first degree murder of 18-year-old Barbie Hall. The uncontroverted testimony is that the victim fell to the ground after being shot at least once by Wright. There is evidence that La Rocca then took the gun from Wright and fired additional shots into the victim's prostrate body. The medical examiner testified to finding three bullet wounds in Hall's body, any one of which could have been the cause of death. During the polygraph test, the examiner implied that where someone else had fired the first shot, La Rocca's involvement would be minimized.
It is settled Florida law that a confession made subsequent to promises or inducements which delude a defendant as to his true position or have the effect of exerting improper and undue influence over his mind will be suppressed as the product of illegal psychological coercion. Brewer v. State, 386 So.2d 232 (Fla. 1980); Frazier v. State, 107 So.2d 16 (Fla. 1958); State v. Beck, 390 So.2d 748 (Fla.3d DCA 1980).
It is equally well established that where a mentally competent defendant has been given Miranda warnings and has not been placed in fear of material or physical harm, or given false inducements, his voluntary confession may properly be admitted into evidence. See, e.g., Palmes v. State, 397 So.2d 648 (Fla. 1981); Wilson v. State, 304 So.2d 119 (Fla. 1974); State v. Caballero, 396 So.2d 1210 (Fla.3d DCA 1981); State v. Beck, supra; Barnason v. State, 371 So.2d 680 (Fla.3d DCA 1979); DeCastro v. State, 359 So.2d 551 (Fla.3d DCA 1978).
*868 The record here supports the finding that La Rocca was given and knowingly and intelligently waived his Miranda rights, that the statements were given voluntarily and that La Rocca was not coerced by deprivation of food or sleep. See, e.g., State v. Riocabo, 372 So.2d 126 (Fla.3d DCA 1979), dismissed, 378 So.2d 348 (Fla. 1979) (trial court's determination will not be reversed unless clearly shown to be without basis); Churney v. State, 348 So.2d 395 (Fla.3d DCA 1977) (trial court's ruling on motion to suppress comes to appellate court with presumption of correctness).
Under the totality of circumstance present here we do not find the examiner's minimizing statements to the effect that because defendant did not fire the first shot, what he did was not "that big of deal," constitutes coerciveness, see, e.g., Burch v. State, 343 So.2d 831 (Fla. 1977), or were so psychologically effective as to break La Rocca's will and produce the confession, see, e.g., State v. Caballero, supra; Barnason v. State, supra.
Second, we consider La Rocca's argument that the testimony of the polygraph examiner that La Rocca stated he took the "Vegas Roll," and "lost," was an improper implication that La Rocca had failed a lie detector test. The general rule that absent stipulation of the parties, the results of polygraph examinations are not admissible, Young v. State, 387 So.2d 512 (Fla.1st DCA 1980), does not compel reversal where, as here, the error in the introduction of or comment upon polygraph evidence was introduced by the defendant on cross-examination. See, e.g., Jackson v. State, 359 So.2d 1190 (Fla. 1978), cert. denied, 439 U.S. 1102, 99 S.Ct. 881, 59 L.Ed.2d 63 (1979) (appellant cannot initiate error, then seek reversal based on that error); Ellison v. State, 349 So.2d 731 (Fla.3d DCA 1977), cert. denied, 357 So.2d 185 (Fla. 1978); White v. State, 348 So.2d 1170 (Fla.3d DCA 1977).
Affirmed.