471 So.2d 1317 (1985)
Jeorge SUEIRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1235.
District Court of Appeal of Florida, Third District.
June 18, 1985.
Rehearing Denied July 23, 1985.
Bennett H. Brummer, Public Defender, and Gitlitz, Keegan & Dittmar and James *1318 D. Keegan, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard L. Polin Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appellant seeks review of a judgment of conviction and sentence entered pursuant to a jury verdict finding him guilty of burglary of a dwelling and petit theft. It is appellant's contention that the judgment and the seven year sentence that the court entered were improper and should be reversed.
As to the judgment of conviction, it is argued that the trial court erred in overruling appellant's objection to a question concerning the failure to find his fingerprints in the house that he was charged with burglarizing, because such question was based on facts not in evidence. We have carefully considered appellant's contention on this point, in the light of the record, briefs and argument of counsel, and have concluded that reversible error has not been shown. The trial transcript reflects that defense counsel had established, prior to the cross-examination question now at issue, the negative inference that there was no adverse fingerprint evidence. The matter having been first brought out at trial by his counsel, appellant may not complain on appeal of any error in this regard. White v. State, 348 So.2d 1170 (Fla. 3d DCA 1977); see also Pope v. State, 441 So.2d 1073, 1076 (Fla. 1983). Furthermore, any error was harmless in view of the overwhelming evidence against the appellant. See State v. Murray, 443 So.2d 955 (Fla. 1984).
Appellant's other point concerns the sentence of seven years which the court imposed. It is contended that the trial judge erred in basing the sentence on guidelines which were not legally in effect at the time the offense was committed on February 14, 1984. We agree. It is conceded that the guidelines used by the court were not in effect at the time the offense was committed and did not become law until July 1, 1984, almost five months thereafter. Chapter 84-328, Laws of Florida. We therefore find error in the sentencing and vacate the sentence and remand the cause for the purpose of resentencing appellant under the proper guidelines. Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985). Appellant need not be present for the imposition of the corrected sentence.
The judgment of conviction is accordingly affirmed, the sentence is vacated and the cause remanded for resentencing.
Affirmed in part; reversed in part, and remanded.