THOMPSON, Judge.
Eberhard appeals the judgment and sentence imposed upon him pursuant to his conviction for second degree murder and the denial of his motions for new trial and judgment of acquittal. He contends, inter alia, that the trial court improperly admitted opinion testimony of the pathologist concerning an area beyond his expertise. We disagree and affirm.
The trial court initially determined that the pathologist was not competent to testify as to whether the shooting was intentional or accidental, and sustained all objections to questions and answers relating to this subject on direct examination. No curative instructions were requested and no error was committed as to the direct examination. The remainder of the testimony complained of as being outside of the pathologist’s expertise was elicited on cross-examination during questioning by defense counsel as to how the wound could have been inflicted. Although some of the answers by the witness could have been more directly responsive to the question asked, they were generally made in response to the interrogation by defense counsel. The trial judge overruled objections to these answers and denied defense counsel’s motion to strike saying:
It’s my recollection that during your cross-examination you brought out much of the testimony that this doctor ultimately testified to with some expertise. So on that basis your objection to strike his testimony is overruled.
The trial judge committed no reversible abuse of discretion in admitting the testimony complained of under the circumstances of this case. A defendant cannot initiate error and then seek reversal based on that error. The general rule that testimony beyond the expertise of a witness is not admissible is inapplicable where, as in this case, it is introduced by the defendant on cross examination. Jackson v. State, 359 So.2d 1190 (Fla.1978); La Rocca v. State, 401 So.2d 866 (Fla.3d DCA 1981).
We find no merit to the remaining issues.
AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.