COPE, J.
The State appeals an order granting a motion to suppress evidence. We reverse.
Defendant-appellee Eddie Bobo moved to suppress his confession to having committed multiple burglaries. He contended that the police detective had made impermissible promises to the defendant in exchange for the confession. The trial court heard the testimony of the detective and ultimately granted the motion to suppress. This appeal follows.
According to the written order, the detective “promised the Defendant that the Defendant’s cases [the multiple burglaries to which Defendant confessed] would be ‘consolidated’ and that a drug treatment program would be provided for the Defendant if the Defendant made such statements to the Detective.”
The detective testified in substance that he told the defendant that if he confessed to the various burglaries he was suspected of,'the cases could be consolidated. The detective did not explain what “consolidated” meant and the defendant did not testify at the evidentiary proceeding'.'
While it may be hair-splitting, the detective testified he told the defendant that the defendant’s cases “could be,” not “would be,” consolidated in one group. The detective elsewhere testified that this was explained as being a “possibility.” This does not rise to the level of being an impermissible promise in return for a confession. See State v. Beck, 390 So.2d 748, 749 (Fla. 3d DCA 1980). Further, we see no plausible way that this statement could be interpreted by a reasonable person as an impermissible offer of leniency, or a statement designed to delude the defendant as to his true position. See Bruno v. State, 574 So.2d 76, 79-80 (Fla.1991); Brewer v. State, 386 So.2d 232, 235-36 (Fla.1980).
As to drug treatment, the detective testified that during the interview he told .defendant that he could get help with a drug problem and that there were programs available that could be ordered through the judge. This court has said “that non-particularized comments such as these concerning medical or psychiatric assistance which may be provided to the defendant do not result in the exclusion of a confession, so long as the aid is not offered in return for a consequent statement.” State v. Beck, 390 So.2d at 749 (emphasis in original; citations omitted). That holding is applicable here.
For the reasons stated, the suppression order is
Reversed.