BOYER, Judge.
Appellant was charged in a two-count information with the crime of robbery and with the crime of use of a firearm during the commission of a felony to-wit robbery. He was found guilty on both counts whereupon the trial judge imposed a sentence of 25 years imprisonment on the first count and 10 years on the second.
During the course of the trial it developed that while the appellant was in the “interview room” in the Duval County Jail after he had been “given his Miranda rights” he made a confession. Relative to his confession, appellant testified at the trial as follows:
“Q Did Officer Dedmon ever say anything to the effect that this case was just going to work out, don’t worry about this confession?
“A He say he want to clear the books. That’s what he told me. He say, T just want to clear the books.’
“I say, ‘You ain’t got nothing to worry about, all I want to do is clear the books.’ ”
Appellant now contends, citing Frazier v. State, Sup.Ct.Fla.1958, 107 So.2d 16; Wharton’s Criminal Evidence, Confessions and Admissions, Section 349; Reddish v. State, Fla.Sup.Ct. 1964, 167 So.2d 858; Paulk v. State, Fla.App.2d 1968, 211 So.2d 591 and State v. Oyarzo, Sup.Ct.Fla.1973, 274 So.2d 519, that the above quoted evidence (which was not contradicted) reveals that appellant’s confession was psychologically coerced and therefore involuntary.
It is pertinent to note that even without the challenged confession there was sufficient evidence that the defendant perpetrated the crime of which he stood before the trial court accused to support the jury’s verdict of guilt. The testimony of the victim was clear and positive when he identified the appellant as the perpetrator of the crime. They were not strangers to one another. The victim testified that appellant had been a customer in his store on numerous occasions. Appellant himself testified that he had been in the store “probably a good 10 times.”
As to the challenged confession the trial judge instructed the jury as follows:
“A statement made out of Court by a person charged with a crime should be received and acted upon with great caution. It cannot be considered as evidence against him unless it was freely and voluntarily made. Any statement made because of, or induced by, any threat, promise or other inducement which was held out to the defendant by anyone was not freely and voluntarily made and should be wholly disregarded. However, a statement voluntarily made should be given fair and unprejudiced consideration with due regard to the time and circumstances under which it was made and its harmony or inconsistency with other evidence as well as the motives shown by the evidence to have influenced the making of the statement. You may believe *88 any part of such statement which you find to be true and reject those parts you find to be untrue.”
It was only after the foregoing clear and unassailed instruction by the trial court that appellant’s guilt was determined by the jury.
In State v. Oyarzo, supra, cited by appellant, the Supreme Court said:
“In the instant case, the trial court heard the evidence bearing on the voluntariness of defendant’s statement and ruled the statement admissible. The statements, along with the circumstances surrounding it, were then introduced into evidence for consideration by the jury. During the trial, agent Sedillo’s friendship with the defendant was clearly brought out. Defense counsel referred on a number of occasions to Sedillo’s status as defendant’s ‘protector.’ These matters and their possible bearing on defendant’s giving of the incriminating statements were thus presented to, and considered by, the jury. The trial court and the jury were entitled to find, on the evidence presented, that one statement by a law enforcement agent expressing friendship for the defendant, was not sufficient to render involuntary defendant’s incriminating statements given after proper Miranda warnings.” (274 So.2d at page S21; emphasis added)
We conclude that on the basis of an examination of all of the matters brought out at the trial incident to appellant making the incriminating statements, the trial court and jury were entitled to find that the expressions on the part of the law enforcement officer were not sufficient to render involuntary the confession made by appellant after proper Miranda warnings.
Appellant further urges that the two sentences violate the “single transaction rule.”
In Cone v. State, Fla.App. 1st 1972, 265 So.2d 108, this Court by a “PCA” opinion affirmed separate sentences for robbery and for the offense of displaying or using a firearm during the commission of the robbery. On certiorari to the Supreme Court of Florida (Cone v. State, Sup.Ct.Fla. 1973, 285 So.2d 12) that Court held that the two violations “were a part of the same transaction or crime” and remanded with directions that the sentence be amended by eliminating therefrom the part of the sentencing as to possession of the firearm while engaged in the criminal offense.
Following the Supreme Court’s pronouncement in Cone this Court has rendered its opinions in Gordon v. State, Fla.App. 1st 1974, 292 So.2d 46 and Brown v. State, Fla.App. 1st 1974, 292 So.2d 47.
We have now compared the information appearing in the record on appeal sub ju-dice with that quoted in Cone v. State, supra, and find that they are virtually identical.
Accordingly, the 10 year concurrent sentence for the use of a firearm in the commission of a felony is vacated. The sentence of 25 years imprisonment for the crime of robbery is affirmed.
It is so ordered.
RAWLS, C. J., and McCORD, J., concur.