352 So.2d 1271 (1977)
Alvin Willie FULLARD, Appellant,
v.
STATE of Florida, Appellee.
No. FF-351.
District Court of Appeal of Florida, First District.
December 20, 1977.
Michael J. Minerva, Public Defender, and Margaret Good, Asst. Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant pleaded nolo contendere to a charge of burglary of a structure, reserving the right to appeal the trial court's denial of his motion to suppress inculpatory statements. He contends the statements were obtained through a promise that he would not be prosecuted. We agree.
Appellant admitted his guilt after a detective investigating the theft of a lawn mower told appellant "if I get the lawn mower back there won't be any problem." This statement at least implied that if appellant confessed he would not be charged. The confession is therefore inadmissible. Frazier v. State, 107 So.2d 16 (Fla. 1958); Lawton v. State, 152 Fla. 821, 13 So.2d 211 (1943); M.D.B. v. State, 311 So.2d 399 (Fla. 4th DCA 1974), cert. den., 321 So.2d 555 (Fla. 1975); State v. Chorpenning, 294 So.2d 54 (Fla. 2d DCA 1974).
This case is significantly different from Miles v. State, 303 So.2d 86 (Fla. 1st DCA 1974). In Miles, the defendant was convicted on a jury verdict which the court found was supported by sufficient evidence other than the confession. Here appellant pleaded nolo contendere, and while other evidence adduced at the suppression hearing might support a jury verdict of guilty, it would also support a jury verdict of not guilty.
REVERSED and REMANDED.
BOYER, Acting C.J., and MILLS, J., concur.