**Jody STANLEY, Jr.,**
**Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, etc.,**
**Respondent-Appellee.**

**Eddie L. BROWN, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, etc.,**
**Respondent-Appellee.**

**Nos. 79–1502, 79–1516**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1979.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

James K. Green, Asst. Public Defender, 15th Judicial Circuit of Fla., West Palm Beach, Fla., for petitioner-appellant in No. 79–1502.

Richard L. Jorandby, Public Defender, James K. Green, Asst. Public Defender, 15th Judicial Circuit of Fla., West Palm Beach, Fla., for petitioner-appellant in No. 79–1516.

Jim Smith, Atty. Gen., Tallahassee, Fla., Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee in Nos. 79–1516, 79–1502.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Appellants were arrested for robbery and placed in the back seat of a police car. They were not given warnings required by *Miranda v. Arizona*, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The police clandestinely activated a tape recorder in the front seat, and it recorded an incriminatory conversation conducted between the appellants when the police were not present. The appellants' motion to suppress the conversation was denied by the state trial court. Thereafter Brown pleaded nolo contendere to the robbery charge, reserving the right to appeal the suppression ruling;[1] Stanley proceeded to trial and

---

1. Normally a plea of guilty or nolo contendere, if intelligently and voluntarily made, prevents a defendant from raising in a habeas corpus proceeding claims of constitutional violations relating to events that occurred prior to the entry of the plea. *See Tallett v. Henderson*, 1973, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed. 235; *Parker v. North Carolina*, 1970, 397 U.S. 790, 90

was found guilty. Both convictions were affirmed on appeal, and certiorari was denied by the Florida and United States Supreme Courts.

Stanley contends that the use of the conversation in evidence violated his constitutional rights. Brown's similar contention is that such use would have violated his rights. Having unsuccessfully presented their claims to state courts, both therefore seek habeas corpus on the basis that denial of their motion to suppress was erroneous. We conclude that we are precluded from considering petitioners' fourth amendment claim and that their fifth amendment rights were not violated; we therefore affirm the district court's denial of the writ.

■ As a result of the decision in *Stone v. Powell*, 1976, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, we are precluded from considering the claim raised in the state courts (and sought again to be presented to the court below) that making the recording was an illegal search, violating the fourth amendment, because that claim has been fully and fairly litigated in the state courts. *See also Caver v. State of Alabama*, 5 Cir. 1978, 577 F.2d 1188. Apparently because of this bar, the appellants do not raise their fourth amendment claim on appeal. In-

stead they seek to find ground to stand on by asserting that the fifth amendment was violated by the failure of the police to give *Miranda* warnings.

■ The state correctly notes that one of the appellants, Stanley, failed to raise the *Miranda* issue in state court. Thus, his *Miranda* challenge is unexhausted.[2] Normally, Stanley's failure to exhaust his state remedies would preclude federal court consideration of his *Miranda* claim and mandate remand to the state courts. In some cases, however, we may treat claims technically unexhausted. *See, e. g., Galtieri v. Wainwright*, 5 Cir. 1978, 582 F.2d 348 (en banc). "The rule of exhaustion 'is not one defining power but one which relates to the appropriate exercise of power.' " *Fay v. Noia*, 1963, 372 U.S. 391, 420, 83 S.Ct. 822, 839, 9 L.Ed.2d 837, (quoting *Bowen v. Johnston*, 1939, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455). Brown, the other appellant, however, did raise this claim. In the light of the Florida Appeal Court's rejection of Brown's contention, *Brown v. State*, Ct. App.Fla.1977, 349 So.2d 1196, 1197, remand of this claim for exhaustion would be futile. Furthermore, this Court's deciding Brown's case while remanding Stanley's identical is-

---

S.Ct. 1458, 25 L.Ed.2d 785; *McMann v. Richardson*, 1970, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; *Brady v. United States*, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. However, when the state allows, as Florida does, the defendant to preserve appellate review of his constitutional challenges despite his nolo contendere or guilty plea "[t]he plea is entered with the clear understanding and expectation by the State, the defendant, and the courts that it will not foreclose judicial review of the merits of the alleged constitutional violations," and federal habeas corpus review is not barred. *Lefkowitz v. Newsome*, 1975, 420 U.S. 283, 290, 95 S.Ct. 886, 890, 43 L.Ed.2d 196.

The Florida Supreme Court recently determined that constitutional challenges to confessions could not be raised on appeal after a plea of nolo contendere. *Brown v. State*, Fla.S.Ct., [No. 53,782], 1979, 376 So.2d 382. The decision does not, however, deprive us of authority to decide the merits of this case. Appellants' habeas petitions were heard by the district court prior to the *Brown* decision. Their appeals to this court also were filed before the entry of the decision. At the time Brown's *nolo* plea was entered, the Florida courts apparently

allowed challenges of this nature to be raised on appeal, *see Fullard v. State*, Fla. 1st DCA 1977, 352 So.2d 1271, and the Florida appellate courts reviewed Brown's challenges in this case. The expectations of the defendant, the State, and the Florida courts therefore satisfy the *Lefkowitz* test for habeas review. In *Brown*, the Florida Supreme Court recognized the expectation that judicial review would be permitted and, rather than simply rejecting the claims of the petitioner before them as unreviewable, that court directed that the petitioner be allowed to withdraw his plea of nolo contendere and plead anew in order to avoid any prejudice the court's decision might create. Given that court's refusal to give retrospective effect to its decision, and the Florida appellate courts' consideration of the challenges raised here, we conclude that *Brown* does not limit our review of this case.

2. Stanley did raise *Miranda* issue in passing, but only in the context of his attack on the search. He did not apprise the state of this legal theory for relief. *Galtieri, infra*, at 353.

sue to the state court would encourage needless litigation. Accordingly, "mechanical adherence would not further the goals of the exhaustion doctrine" and we therefore consider the *Miranda* issue as it affects both appellants. *Galtieri, supra* at 354.

*Miranda* specifically forbade the introduction of statements obtained from an accused after custodial interrogation unless he had previously been given specific warnings. *Miranda* defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." 1966, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694.

Subsequent cases have disapproved custodial interrogation in the guise of declaratory statements, *United States v. Jordan,* 5 Cir. 1977, 557 F.2d 1081, 1085, or suggestive conversations. *Brewer v. Williams,* 1977, 430 U.S 387, 97 S.Ct. 1232, 51 L.Ed.2d 424. However, here there was no questioning at all; the appellants' conversation arose spontaneously while the policemen were physically absent. The policemen's ruse was not the equivalent of inquiry. *Miranda* was designed to curb unfair methods of custodial interrogation; it does not protect spontaneous utterances made by detainees mistakenly believing that they will not be overheard nor forbid police, under fifth amendment sanction, from setting snares. We conclude that the admission of the tape recorded conversation did not violate petitioners' fifth amendment rights. In doing so we intimate no opinion about the propriety of the conduct should it be tested by other standards.

For the reasons stated, the decision of the district court is AFFIRMED.