400 So.2d 1047 (1981)
Edward Johnson FOREMAN, Appellant,
v.
STATE of Florida, Appellee.
No. ZZ-228.
District Court of Appeal of Florida, First District.
July 10, 1981.
Ronald Dexter Trow, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Edward Johnson Foreman appeals from a judgment and sentence for burglary after a plea of nolo contendere with express reservation of the right to appeal the denial of a motion to suppress his confession. He urges that his oral statement and written confession were induced by direct or implied promises of benefit or reward. We agree and reverse.
The only testimony considered in ruling on the motion to suppress was that of the detective who arrested Foreman and questioned him at the sheriff's office. Although Foreman identifies three verbal exchanges which he urges constituted promises of benefit or reward, we find only one of them to merit discussion. The officer's testimony established that he not only told the defendant that based on his experience as a police officer it was his observation that it is often helpful with the court if a suspect aids in the recovery of the property, is remorseful, and helps get things cleared up, he further and more explicitly told Foreman that he had talked with the victim and if Foreman returned the property, he did not think the victim was inclined to prosecute. In fact, the officer admitted that he "probably led Mr. Foreman to believe that she was not inclined to prosecute were the property returned to her."
The standard for reviewing the voluntariness of a confession is that it "must not be extracted by any sort of threats or violence, nor obtained by direct or implied promises however slight." Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed.2d 568 (1897). [Emphasis supplied] The confession must be excluded if "the attending circumstances, or the declarations of those present at the making of the confession, are calculated to delude the prisoner as to his true position, or to exert improper or undue influence over his mind." Frazier v. State, 107 So.2d 16 (Fla. 1958).
*1048 Since the question of whether the confession was voluntary is a question of fact and fact questions are usually to be resolved by the trial court, we recognize that the appropriate test for review of a finding of voluntariness is the clear error test. Frazier, supra. In the instant case we find that the conclusions of the trial court that the confession was voluntarily made was clearly erroneous. The statement of the officer concerning the victim's inclination not to prosecute if the property were returned clearly constitutes an implied promise calculated to induce a confession.
In Fullard v. State, 352 So.2d 1271 (Fla. 1st DCA 1977), this Court reversed a conviction where a detective who was investigating a theft told the defendant, "If I get the lawn mower back there won't be any problem." The statement made there is quite similar to the one in the instant case. Both at least implied that if the defendant confessed, he would not be charged.
Accordingly, the motion to suppress should have been granted. In view of the stipulation by the State at the time of the entry of the plea of nolo contendere that a ruling which reversed the trial court's order denying the defendant's motions to suppress would be dispositive of the case and would terminate any further prosecution of the defendant on the charges contained in the information, the judgment and sentence are reversed.
REVERSED.
ERVIN, J., and LILES, WOODIE A. and PEARSON, TILLMAN (Retired), Associate Judges, concur.