998 F.2d 1011
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Naomi RODRIGUEZ, Defendant-Appellant.
 No. 92-5011.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 17, 1993.
July 6, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-91-70-R)
 Jay Lawrence Pickus, Glen Allen, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Stephen Wiley Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before LUTTIG, Circuit Judge, SPROUSE, Senior Circuit Judge, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Naomi Rodriguez was convicted and sentenced after a trial by jury for conspiring to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 846 (1988), for interstate travel to facilitate the cocaine conspiracy in violation of 18 U.S.C. § 1952 (1988 & Supp. II 1990), and for possession of cocaine in violation of 21 U.S.C. § 841 (1988 & Supp. II 1990). Rodriguez now appeals, arguing that the district court erred in failing to suppress evidence that had been obtained in violation of her reasonable expectation of privacy and in violation of her Miranda[1] rights. She also argues that there was insufficient evidence of her knowledge that she was transporting cocaine. Finding that Rodriguez's expectation was not objectively reasonable and that her Miranda rights were not violated, we affirm the district court's denial of the motion to suppress. Furthermore, we find sufficient evidence to convict Rodriguez. Accordingly, we affirm the district court.
 
 I.
 
 2
 According to the evidence at trial,[2] Rodriguez became involved in a cocaine distribution ring[3] with Benito Calcines. During one of the trips to Miami, Sergeant Jones of the Florida State Police stopped the car, in which Rodriguez was a passenger, for a traffic violation. After receiving permission to search the vehicle, Sergeant Jones asked Rodriguez, Calcines, and a third individual to wait in his police car while he conducted the search. While in the vehicle, the conspirators concocted an innocent explanation for approximately $40,000 located in their car. Unbeknownst to Rodriguez, this entire conversation was tape recorded.[4] Upon finding the money, Sergeant Jones informed the conspirators that he was seizing the money because he believed it was intended for the purchase of narcotics and requested that they accompany him to the police station for a receipt. The conspirators declined and left the scene.
 
 
 3
 A second stop occurred in Colonial Heights, Virginia where Virginia State Trooper J.P. Kouchel stopped a car, in which Rodriguez was a passenger, and requested permission to search the vehicle. After receiving consent, Trooper Kouchel searched the car and found two kilograms of cocaine hidden in the gas tank. Rodriguez was arrested at the scene.
 
 
 4
 The jury returned a guilty verdict. Rodriguez now appeals.
 
 II.
 
 5
 Rodriguez argues that the evidence of her conversation in the police car should have been suppressed because she possessed an expectation of privacy in her conversation in the police car. The Fourth Amendment protects an individual's conversation if the individual has exhibited "an actual (or subjective) expectation of privacy" and the expectation is "one that society is prepared to recognize as " 'reasonable.' " Katz v. United States, 389 U.S. 347, 361 (1967). Assuming that Rodriguez manifested a subjective expectation of privacy, we nevertheless conclude that this expectation was not objectively reasonable. Society does not recognize an expectation of privacy in the back seat of a police car. See United States v. McKinnon, 985 F.2d 525, 527-28 (11th Cir. 1993).
 
 
 6
 Rodriguez also argues that her conversation was inadmissible because she was not first advised of her Miranda rights. Because Rodriguez was clearly not subjected to interrogation while in the car, she was not entitled to Miranda rights. See Stanley v. Wainwright, 604 F.2d 379, 382 (5th Cir. 1979), cert. denied, 447 U.S. 925 (1980).
 
 III.
 
 7
 In viewing the evidence in the light most favorable to the government to determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), and according the benefit of all reasonable inferences to the government, Tresvant, 677 F.2d at 1021, we find sufficient evidence that Rodriguez knew that she was transporting cocaine. Calcines testified that Rodriguez introduced him to others for the purpose of selling cocaine, that Rodriguez knew that she was transporting cocaine, and that he paid Rodriguez for her assistance. Taking all inferences in favor of the government, Tresvant, 677 F.2d at 1021, we find this evidence sufficient to prove that Rodriguez was aware of the cocaine conspiracy.
 
 
 8
 For the foregoing reasons, we affirm Rodriguez's conviction.
 
 AFFIRMED
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 Because the parties do not contest the facts and have submitted the case before this Court on their briefs, we summarize only the essential facts
 
 
 [3]
 Members of the conspiracy would transport cocaine, hidden in a compartment in the gas tank, from Miami, Florida to Richmond, Virginia for distribution
 
 
 [4]
 Prior to trial, Rodriguez unsuccessfully moved to suppress this conversation on the basis that it was obtained in violation of her Fourth Amendment rights