640 So.2d 151 (1994)
Anthony LAGES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00776.
District Court of Appeal of Florida, Second District.
July 29, 1994.
*152 J.L. "Ray" LeGrande of LeGrande & LeGrande, P.A., Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Anthony Lages, challenges the trial court's judgments and sentences. We affirm.
The charges on which the appellant was tried involved the alleged sexual abuse of a child by the appellant. The child testified at trial that the appellant was her step-uncle and that the sexual abuse began when she was six and one-half years old. The child testified as to various sexual contacts the appellant had with her on numerous occasions, including penile-anal contact, penileoral contact, and oral-vaginal contact. She also stated that the appellant used force on her and took two nude videos of her. Dr. Snyderman, the child's physician, testified as to the child's statements to her that she had been sexually assaulted orally, vaginally, and anally by the appellant.
Detective Fronk testified that he obtained a video tape from the appellant's room which depicted the child and the appellant. At that time, Fronk telephoned the appellant and requested him to come to the police station for questioning. Two days later the appellant came to the police station and, prior to questioning, waived his Miranda rights. Fronk then played the video and the appellant identified himself and the child. The appellant gave a taped statement, which was played to the jury, where he admitted that he had been molesting the child for two and one-half to three years.
At the conclusion of the trial, the jury found the appellant guilty of four counts of capital sexual battery, three counts of lewd act, and one count of possession of a video that included sexual performance by a child. The trial court adjudicated the appellant guilty of those offenses and sentenced him on each count. The sentences included two consecutive life sentences for two of the capital sexual battery counts and the appellant filed a timely notice of appeal.
The appellant raises several issues on appeal. Specifically, he asserts that the trial court erred in denying his motion to suppress his confession to Detective Fronk because it was not voluntary, the trial court erred in admitting Dr. Snyderman's testimony which *153 contained hearsay statements of the child, and the trial court erred in conveying to the jury that they did not possess the power of a jury pardon or the power to find the appellant guilty of a lesser included offense. For the following reasons, we affirm the appellant's judgments and sentences.
The appellant first contends that his confession was not voluntary because it was induced by promises made by Detective Fronk. The alleged promises were that the appellant would be free to leave if he gave a statement, the appellant's attorney could be present once charges were filed and he was arrested, bail would be prearranged, no contact would be made with the appellant's employer or his neighbors, and that Fronk would recommend probation and counseling. Detective Fronk testified that he did not make any of the above promises.
Police statements suggesting leniency are only objectionable if they establish an express quid pro quo bargain for confession. State v. Moore, 530 So.2d 349 (Fla. 2d DCA 1988). When psychological tactics are used during questioning, it is the totality of the circumstances, including such factors as youth, lack of education, low intelligence, explanation of constitutional rights, and length of interrogation that determines voluntariness. Id. Further, a trial court's ruling on a motion to suppress is presumed correct, and a ruling on voluntariness will not be overturned unless clearly erroneous. Bonifay v. State, 626 So.2d 1310 (Fla. 1993).
In the instant case, the appellant voluntarily reported to the police station, waived his Miranda rights, and then answered Detective Fronk's questions. The appellant testified at trial that he read and understood the rights waiver he signed. The trial court resolved conflicting evidence regarding the alleged promises against the appellant and we believe that the totality of the circumstances under which the appellant gave his confession indicates voluntariness.
The appellant next contends that there was no basis for receiving Dr. Snyderman's testimony which contained hearsay statements of the child. We find appellant's argument on this point to be without merit for the following reasons. First, section 90.803(4), Florida Statutes (1991), includes as a hearsay exception:
 Statements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment, ... which statements describe medical history, past or present symptoms, pain, or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.
Statements describing the inception or cause of an illness or injury are admissible under the exception if they are reasonably pertinent to diagnosis or treatment, however, statements of fault are not admissible. State v. Jones, 625 So.2d 821 (Fla. 1993). In the instant case, the child's statements to Dr. Snyderman regarding how she had been sexually assaulted were admissible pursuant to section 90.803(4) since those statements were reasonably pertinent to the physician's diagnosis or treatment. See Conley v. State, 620 So.2d 180 (Fla. 1993).
Second, with regard to Dr. Snyderman's testimony as to the child's identification of the appellant as the perpetrator, any error in its admission was harmless. The identification was harmless because there was other testimony identifying the appellant, such as the child's testimony regarding the appellant's sexual abuse, Dr. Snyderman's testimony that the child's conditions were consistent with her allegations, Detective Fronk's testimony as to the appellant's identification of himself and the child on the seized video tape, and the appellant's admission on the taped statement which was played to the jury that he had been molesting the child. See Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991), decision approved in part by 625 So.2d 827 (Fla. 1993).
The third point raised by the appellant was that the trial court erred in conveying to the jury that they did not have the power of a jury pardon or the power to find the appellant guilty of a lesser included offense. The appellant's contention arose out of the following interchanges:

*154 MR. PEPPER (APPELLANT'S COUNSEL): ... that you have the constitutional right to pardon a person.
MS. SKEEN (PROSECUTION): Objection; there is no legal right to pardon.
THE COURT: Sustained, Counsel. Instruct the jury to disregard.
MR. PEPPER (APPELLANT'S COUNSEL): You have the power to find him guilty of a lesser included offense.
MS. SKEEN (PROSECUTION): Objection; the jury has to follow the law.
THE COURT: Agreed. Go on, counsel.
We find appellant's argument on this point to be meritless since there is no constitutional right to pardon, as the appellant's counsel stated to the jury, and there is no requirement that a trial court instruct a jury about this inherent power. See Hayes v. State, 564 So.2d 161 (Fla. 2d DCA 1990). See also Brown v. State, 493 So.2d 80 (Fla. 1st DCA 1986). Further, Florida Standard Jury Instruction (Criminal) 2.02(a) was given in this case and that instruction provides as follows: "[I]f you decide that the main accusation has not been proved beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime... ." The trial court instructed the jury as to the lesser included offense of simple battery. Therefore, the trial court properly instructed the jury that they should convict the appellant of the highest offense proven. See Bufford v. State, 473 So.2d 795 (Fla. 5th DCA 1985), rev. denied, 482 So.2d 347 (Fla. 1986).
We, accordingly, affirm the appellant's judgments and sentences.
Affirmed.
SCHOONOVER, A.C.J., and PARKER, J., concur.
ALTENBERND, J., concurs with opinion.
ALTENBERND, Judge, concurring.
I concur in the result in this case. I write only to observe that the portion of the closing argument quoted in the court's opinion, and the objections to that portion, do not provide the full flavor of the closing arguments. Both the prosecutor and defense counsel made improper arguments to which the court properly sustained objections. If the entire closing argument is read, it is clear that defense counsel was allowed to describe the nature of pardon power to the jury and was also allowed to fully explain the jury's options to select lesser included offenses. Thus, nothing in the quoted portion of the closing resulted in harmful error.
The jury's inherent power to pardon is regarded by some as a unanimous act of civil disobedience in violation of the jurors' oaths, which is unavoidable under the constitutional right of trial by jury. See Jess v. State, 523 So.2d 1268 (Fla. 5th DCA 1988). By others, it is seen as a healthy, case-specific power given to six ordinary citizens to check and balance the power of prosecutors, judges, and lawmakers. There is perhaps some truth in both opinions. Because of these mixed perspectives, the extent to which the jury's pardon powers can or should be discussed at trial is a confusing and somewhat unresolved issue. I do not regard this case as a good vehicle to approve either the state's objections and the trial court's rulings, or the defense counsel's extensive discussion of jury pardon elsewhere in the closing argument.