ANTOON, Judge.
In this capital sexual battery case, the state appeals the trial court’s order suppressing the defendant’s admissions of penetration. Because the defendant’s admissions were made voluntarily, we must reverse the suppression order and remand for further proceedings.
The defendant was accused of digitally penetrating his nine-year-old daughter’s vagina. During the investigation of these accusations, the defendant met with Detective Craig Baxley. After Detective Baxley read the defendant his Miranda[1] rights, the defendant agreed to be interviewed. When asked whether he had penetrated his daughter’s vagina, the defendant replied, ‘Tes ... a finger could have went there.” While acknowledging penetration, the defendant claimed that it was not “on purpose”, and that he did not think his finger ‘Vent in very far.”
Detective Baxley then asked the defendant to make a tape recorded statement, suggesting that a recorded statement would alleviate the risk of anyone misunderstanding his statements:
If we make a tape, you don’t have to worry about me or any other cop later on coming in and putting anything in your words.
The defendant agreed. However, while making the recording, the defendant altered his position and denied penetration.
The defendant thereafter filed a pretrial motion to suppress his unrecorded admissions of penetration, arguing that the admissions had been obtained as a result of an improper quid pro quo agreement. After conducting a hearing, the trial court granted the motion and suppressed the defendant’s unrecorded admissions. In so ruling, the court explained that, although all of the defendant’s statements were made voluntarily, the state was bound by the quid pro quo agreement between Detective Baxley and the defendant that the state would not use the defendant’s unrecorded statements as evidence if the defendant agreed to make a recorded statement. This ruling was incorrect.
In addressing a claim that a defendant’s statement is inadmissible because it is the product of an improper quid pro quo agreement, the issue for determination is whether the defendant’s statement was made voluntarily. Traylor v. State, 596 So.2d 957 (Fla.1992); Foreman v. State, 400 So.2d 1047 (Fla. 1st DCA 1981). In this regard, when a defendant claims that he made a statement based upon a quid pro quo agreement with a government official, the defendant’s statement is subject to suppression only when the defendant establishes that the official’s actions in procuring the agreement were calculated to delude or exert undue influence over the defendant. Stated another way, if a government official induces a defendant to make a statement using language which amounts to a direct or implied promise of benefit, the statement must be excluded because it is given involuntarily. State v. Beck, 390 So.2d 748 (Fla. 3d DCA 1980), rev. denied, 399 So.2d 1140 (Fla.1981).
Here, the trial court found that the defendant’s unrecorded statements were made voluntarily. This finding is supported by the record. There was no coercion exercised upon, nor promises made to, the defendant during the initial unrecorded interview. The defendant cannot reasonably maintain that Detective Baxley’s conduct induced him into making his unrecorded admissions of penetration since the admissions were made before Detective Baxley suggested that the defendant record his statements. Furthermore, there was no quid pro quo agreement, implied or otherwise, between Detective Bax-ley and the defendant concerning the consequences arising from the recording of the defendant’s interview. Cf. Black v. State, 630 *982 So.2d 609 (Fla. 1st DCA 1993), rev. denied, 639 So.2d 976 (Fla.1994).
Because the defendant’s statements were voluntarily made, they are admissible. The order suppressing the statements is therefore reversed.
REVERSED and REMANDED.
PETERSON, C.J., and HARRIS, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).