SHEVIN, J.
T.S.D., a juvenile, appeals his adjudication of delinquency asserting error in the trial court’s denial of his motion to suppress his confession. We reverse.
At the hearing on the motion to suppress, neither party’s expert testified that T.S.D. grasped the concept that his Miranda[1] rights included the right to have an attorney present during questioning.[2] T.S.D. is twelve years old. He has a history of psychological problems, and has an IQ of 62. T.S.D. reads at a third grade level. Miranda rights are written at a sixth or seventh grade level. The record indicates that T.S.D. recognized that he had the right to have an attorney present with him in court, but nowhere does he express the ability to fathom the concept that he was entitled, by virtue of the rights read to him, to have an attorney present with him at the time he was being questioned — the time he offered the confession.
Based on these facts, T.S.D.’s argument that his Miranda waiver was not knowing and intelligent is well taken. This is not a case where, as in W.M. v. State, 585 So.2d 979 (Fla. 4th DCA), review denied, 593 So.2d 1054 (Fla.1991), a juvenile sought to suppress a confession based on the juvenile’s young age. Here, the evidence shows that T.S.D. did not possess the ability to comprehend the rights he was waiving. Upon considering, not only T.S.D.’s age, but “a combination of that factor [and] such other circumstances as his intelligence, education, experience, and the ability to comprehend the meaning and effect of his statement^]” W.M., 585 So.2d at 983, it becomes clear that T.S.D.’s confession was not admissible. Contrary to the state’s assertion, the record demonstrates that T.S.D.’s prior exposure to the juvenile justice system did not aid in his comprehension of this Miranda right. Compare Kennedy v. State, 641 So.2d 135 (Fla. 5th DCA), review denied, 650 So.2d 990 (Fla. 1994); W.M., 585 So.2d at 983. The state did not “meet its burden of demonstrating by a preponderance of the evidence that ... [T.S.D.] knowingly and intelligently *1144 waived his right to remain silent and his right to counsel.” Ross v. State, 386 So.2d 1191, 1194 (Fla.1980). See e.g., Fields v. State, 402 So.2d 46 (Fla. 1st DCA 1981).
The adjudication is hereby reversed, and the cause remanded with instructions to enter an order suppressing the confession.
Reversed and remanded.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Commenting on T.S.D.’s responses during his evaluation, the State's expert stated:
"A. Well, he — [T.S.D.’s] response did not indicate that he knew that an attorney could be brought in immediately. It didn’t say that he didn’t understand it, but it’s unclear.”
On cross, the state's expert testified:
"Q. So if he doesn't understand that he’s entitled to a lawyer at police questioning, you could conclude that he's still competent to waive Miranda. Isn’t that true?
A. I could, but I said I’m unclear as to what he understood. I didn't follow it up and I’m not clear as to whether he gave that response and if I had questioned him, he might have given another response or not. And I pointed out that that is an unclear — that is probably the unclear area of this examination.”