FULMER, Judge.
Gary Harding appeals his conviction for three counts of lewd sexual battery in violation of section 800.04(3), Florida Statutes (1995). While we affirm, we write to expressly disapprove the argument that Harding’s trial counsel sought to present to the jury.
Harding asserts that the trial court should have allowed his counsel to ask the jury not to follow the law. During closing argument, Harding’s counsel told the jury that “sometimes the law doesn’t fit, sometimes it just isn’t right. The ends don’t always justify the means.” Counsel then baldly said, “I’m standing up in front of you as Gary Harding’s attorney and asking you not to follow the law.” The trial court immediately interrupted and stated, “Counsel, that’s improper and I’ll instruct the jury to disregard, and if they do that, that’ll be a violation of your oath that you took when you were sworn in to try this case. I don’t want to hear another word about that.”
Harding argues that the trial court’s limitation of his counsel’s closing argument was improper. First, citing Stockton v. State, 544 So.2d 1006 (Fla.1989), Harding claims that he was denied the considerable leeway that must be given to defense counsel when arguing a case to the jury. Second, Harding argues that State v. Wimberly, 498 So.2d 929 (Fla.1986), recognizes a jury’s right to exercise its pardon power and that the trial court should have al *1231 lowed his counsel to ask the jury to do so in this case. Neither of these cases support Harding’s arguments. Stockton addresses the imposition of a time limit on closing argument. It does not address the trial court’s control of the content of a closing argument. Wimberly does acknowledge a jury’s right to exercise its “pardon power” by convicting a defendant of a lesser included offense, but it does not hold that defense counsel may expressly argue to the jury that it should exercise this power or, as in this case, ask the jury “not to follow the law.”
The State cites Lages v. State, 640 So.2d 151 (Fla. 2d DCA 1994), in support of its argument that defense counsel should not be allowed to ask the jury to disregard the law. However, in Lages we held only that “there is no requirement that a trial court instruct a jury about this inherent [pardon] power.” Id. at 154. We did not decide whether counsel may, in effect, argue pardon power to the jury by asking it to disregard the law. In his concurring opinion, Judge Altenbernd observed that “the extent to which the jury’s pardon powers can or should be discussed at trial is a confusing and somewhat unresolved issue.” Id.
In the case before us, we address the narrow question of whether defense counsel may ask the jury to disregard the law. We hold that defense counsel may not. In reaching our decision we have been influenced by the supreme court’s response, in Urbin v. State, 714 So.2d 411 (Fla.1998), to the prosecutor’s closing penalty-phase argument. In seeking the death penalty, the prosecutor argued to the jury that if Urbin was sentenced to life in prison, even though he would not be eligible for parole under current law, he still could be released some day because the law could change. Id. at 420. The supreme court considered this argument to be an invitation to the jury to disregard the law and stated: “This type of ‘ignore the law5 argument has absolutely no place in a trial, especially when asserted by the State.” Id. Although the argument in Ur-bin was neither presented by the defense nor grounded in the jury’s pardon power, we believe the supreme court’s pronouncement that “ignore the law” arguments have no place in a trial should be equally applicable in a case such as this.
We are persuaded by and align ourselves with the view of those federal courts which hold that defense counsel may not argue jury nullification during closing argument. This view is aptly stated in United States v. Trujillo, 714 F.2d 102, 106 (11th Cir.1983) (citation and footnote omitted):
In arguing the law to the jury, counsel is confined to principles that will later be incorporated and charged to the jury. The jury in this case was properly instructed on their duty to follow the law as stated in the jury instruction. Appellant’s jury nullification argument would have encouraged the jurors to ignore the court’s instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath.
Affirmed.
CAMPBELL, A.C.J., and THREADGILL, J., Concur.