813 So.2d 1007 (2002)
Gordon HOLLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2411.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
*1008 Gary Kollin of Gary Kollin, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
POLEN, C.J.
We deny appellant's motion for rehearing, but substitute the following opinion in place of our opinion which was previously issued on October 10, 2001.
Gordon Brian Holland timely appeals after a jury convicted him of murder in the first degree, armed robbery, two counts of grant theft motor vehicle, and grand theft. He argues the trial court committed reversible error by admitting oral and taped statements he made to Wilton Manors detectives while in custody in Canada. We disagree and thus, affirm.
On February 1, 1993, Holland was detained in Canada when he tried using a stolen credit card. The credit card company notified the Wilton Manors police that an individual had just tried using the stolen credit card of a recent homicide victim. A Wilton Manors detective immediately telephoned the Canadian police and informed them that the man in custody was a suspect in a Florida homicide. The Canadian police were explicitly instructed not to mention anything regarding the homicide to Holland.
Holland was then arrested by a Canadian officer for possession of a stolen credit card and read his rights under the Canadian Charter. Holland was not allowed to contact an attorney at that time due to security concerns. The Canadian police transported Holland to a nearby police *1009 detachment where he was rearrested for possession of a stolen motor vehicle. After Holland was reread his rights, the Canadian police telephoned a Canadian attorney on his behalf. Holland briefly spoke with the attorney and told the Canadian police he had been advised not to speak to any law enforcement agents. At no time was Holland interrogated by the Canadian police.
The next day, two Wilton Manors detectives arrived in Canada for the express purpose of questioning Holland. They were advised by the Canadian police that Holland had been administered his warnings under the Canadian Charter and had spoken with a Canadian attorney. The Wilton Manors detectives introduced themselves to Holland and read him his rights per Miranda.[1] Holland responded that he understood his rights and was willing to answer questions without an attorney present. Holland made two confessions, in which he admitted his presence at the victim's home and described the homicide in detail. Two days later, February 4, an arrest warrant was signed in Broward County, charging Holland with first-degree murder, armed burglary, and armed robbery.
Holland subsequently moved to suppress his confession to the Wilton Manors detectives. The trial court denied the motion and his confession was introduced at trial. The jury found Holland guilty on all counts of the Florida indictment.
Holland contends the Wilton Manors detectives were precluded from interrogating him because he had previously invoked his right to counsel under the Canadian Charter, and, hence, any subsequent confession in response to interrogation without his attorney present was inadmissible. We disagree.
In order to protect the Fifth Amendment privilege against self-incrimination, suspects must first be warned in clear and equivocal terms that they have the right to remain silent before they can be subjected to custodial interrogation. Miranda, 384 U.S. at 467-68, 86 S.Ct. 1602. Suspects must also be instructed they have a right to have counsel present during custodial interrogation. Id. at 479, 86 S.Ct. 1602. If a suspect responds that he wants to speak with a lawyer, the police are precluded from initiating any further interrogation without counsel present. Arizona v. Roberson, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988).
Holland contends that he had invoked his Fifth Amendment right to counsel when he spoke with the Canadian attorney and informed the Canadian police that he had been advised not to speak with any law enforcement. We disagree. A suspect cannot invoke any of his rights under Miranda until custodial interrogation has begun or is imminent. Sapp v. State, 690 So.2d 581, 584-86 (Fla.1997)(citing McNeil v. Wisconsin, 501 U.S. 171, 182, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991))(holding Miranda's safeguards were intended to protect the Fifth Amendment right against self-incrimination by countering the compulsion that inheres in custodial interrogation, requiring the presence of both a custodial setting and official interrogation). When Holland spoke with the Canadian attorney, he was being held only on the Canadian possession charges. The Canadian police did everything in their power not to interfere with the Florida detectives' interrogation. Prior to meeting with the Florida detectives no Canadian law enforcement agents had interrogated Holland; Holland had not even been informed that he was a suspect in connection *1010 with the Florida homicide. Under the facts of this case, Holland could not invoke any of his Miranda rights prior to meeting with the Wilton Manors detectives because custodial interrogation had never been imminent prior to meeting with the Florida detectives. Id., see Traylor v. State, 596 So.2d 957, 965-66 (Fla.1992).[2]
The Wilton Manors detectives were in no way precluded by Miranda from interrogating Holland. Further, we agree with the trial court's findings that the Wilton Manors detectives fully and adequately apprised Holland of his rights under U.S. and Florida law and received a voluntary and knowing waiver of those rights before obtaining the confession. See Miranda at 479, 86 S.Ct. 1602.
We hold the trial court did not commit error in admitting Holland's confessions and, therefore, affirm.
AFFIRMED.
WARNER and GROSS, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] We note Holland had been apprised of his rights under the Canadian Charter upon his arrest by the Canadian police. We reject Holland's argument that his Fifth Amendment right to counsel under the U.S. Constitution was invoked qua Canadian Charter, i.e., that Holland's request to speak with an attorney after being apprised of his rights under the Canadian Charter constituted an invocation of the Fifth Amendment right to counsel. Canadian Charter warnings are given upon custody, whether or not interrogation is to ensue; whereas Miranda warnings are triggered only by the imminence of custodial interrogation. See also Regina v. Hebert, 2. S.C.R. 151, 164 (1990)(Supreme Court of Canada holding recognized uniformed officers or those known by the defendant to be in authority may question an accused in the absence of counsel once counsel has been retained); cf. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Roberson, 486 U.S. at 683, 108 S.Ct. 2093.