982 So.2d 1278 (2008)
Joseph R. McCREE, Doc # 333868 Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3874.
District Court of Appeal of Florida, Second District.
June 6, 2008.
Joseph McCree, pro se.
Bill McCollum, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Joseph R. McCree appeals an order summarily denying his motion for postconviction relief. In January 2005, he pleaded nolo contendere to robbery and attempted felony murder with a firearm. He received sentences totaling fifteen years as a prison releasee reoffender. His postconviction motion was filed pursuant to Florida Rule of Criminal Procedure 3.850 and raises five grounds. We affirm the trial court's order denying this motion, addressing only one of the five grounds raised.
Mr. McCree alleges that his lawyer was ineffective because she failed to move to suppress certain statements that he made to a detective of the Lakeland Police Department in May 2003. He claims that the *1279 written Miranda[1] warning that he signed was deficient. In support of his motion, he compares the "Lakeland Police Department Miranda Rights Form 127 (Rev. 10/83)," which he signed, to the "Belle Glade Police Department Constitutional Rights Form," which was not used in this case. He at least implies that he would not have given admissions or confessions to the police if the department had presented him with the Belle Glade form instead of the Lakeland form.
The trial court's order went directly to the heart of this issue, ruling that the Lakeland form[2] was sufficient to satisfy the requirements of Miranda. Although the form is substantially shorter than the form used in Belle Glade,[3] the trial court concluded that it was not defective under the ruling of the Fourth District in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004). In Roberts, the court addressed a form that stated in relevant part: "3. You have the right to talk with a lawyer and have a lawyer present before any questioning." In contrast, the Lakeland form merely states: "3) You have the right to the presence of an attorney."
In Roberts, the Fourth District held that a form which contained the phrase "before any questioning" was required to further explain that the right would continue at all times during the questioning. The court stated:
Florida courts have consistently interpreted Miranda as requiring notification that a person in custody has a right to have counsel present not only before interrogation but during interrogation as well. See Ramirez v. State, 739 So.2d 568 (Fla.1999); Sapp v. State, 690 So.2d 581, 583-84 (Fla.1997); Holland v. State, 813 So.2d 1007, 1009 (Fla. 4th DCA 2002); T.S.D. v. State, 741 So.2d 1142 (Fla. 3d DCA 1999); Statewright v. State, 278 So.2d 652 (Fla. 4th DCA 1973); James v. State, 223 So.2d 52 (Fla. 4th DCA 1969).
Roberts, 874 So.2d at 1227. Because the Lakeland form does not contain the language restricting the right to "before any questioning," it is not deficient under the holding in Roberts.
*1280 We recognize that Roberts further stated in dicta:
In cases where the suspect was informed generally of the right to an attorney, without being told when the attorney could assist, there is a split of authority among the federal courts as to whether this "timeless" warning is constitutionally sufficient. Our court is among those which have ruled that such an ambiguous statement is not constitutionally sufficient. See James v. State, 223 So.2d 52 (Fla. 4th DCA 1969); see also Atwell [v. United States], 398 F.2d [507] at 510 [(5th Cir.1968)]; Groshart [v. United States], 392 F.2d [172] at 175 [(9th Cir.1968)]; Chambers v. United States, 391 F.2d 455, 456 (5th Cir.1968); but see United States v. Frankson, 83 F.3d 79, 82 (4th Cir.1996); United States v. Caldwell, 954 F.2d 496, 502 (8th Cir.1992); United States v. Dizdar, 581 F.2d 1031 (2d Cir.1978); United States v. Adams, 484 F.2d 357, 361-62 (7th Cir.1973); Evans v. Swenson, 455 F.2d at 295-96 (8th Cir.1972); United States v. Lamia, 429 F.2d 373, 376-77 (2d Cir.1970).
Roberts, 874 So.2d at 1228.
This court had not held that a "timeless" warning is insufficient, and we decline to so hold in this case. We note that Mr. McCree's motion was filed prior to our decisions in M.A.B. v. State, 957 So.2d 1219 (Fla. 2d DCA), review granted, 962 So.2d 337 (Fla.2007) (table decision), and Powell v. State, 969 So.2d 1060 (Fla. 2d DCA 2007), review granted, 973 So.2d 1123 (Fla.2008) (table decision). To avoid any confusion, we observe that the Lakeland form is not deficient for the reasons discussed in those cases.
Because the form is not deficient, neither the trial court nor this court has any need to determine whether a lawyer could be deemed to be ineffective in the relevant period for failing to raise this issue by filing a motion to suppress.
Affirmed.
STRINGER and SILBERMAN, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The Lakeland form in its entirety states:

1) You have the right to remain silent.
2) Anything you say can and will be used against you in a court of law.
3) You have the right to the presence of an attorney.
4) If you cannot afford an attorney, one will be appointed for you prior to any questioning.
I UNDERSTAND MY RIGHTS.
[3] The Belle Glade form in its entirety states:

GIVE THIS WARNING TO ANY SUSPECT DETAINED PRIOR TO ANY QUESTIONING.
"I am required to warn you, before you make any statements that you have the following Constitutional Rights."
(1) You have the right to remain silent and not answer any questions.
(2) Any statement you make must be freely and voluntarily given.
(3) You have the right to the presence, and representation of a lawyer of your choice before you make any statement and during any questioning.
(4) If you cannot afford a lawyer, you are entitled to the presence and representation of a court appointed lawyer at no cost to you before you make any statement and during any questioning.
(5) If, at any time during the interview, you do not wish to answer any questions, you are privileged to remain silent.
(6) I can make no threats or promises to induce you to make a statement. This must be of your own free will.
(7) Any statement can be, and will be used against you in a court of law.
MY SIGNATURE BELOW REPRESENTS A KNOWING AND WILLING [SIC] OF MY CONSTITUTIONAL RIGHTS FOR THE PURPOSE OF BEING QUESTIONED.